IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN M. SANDSTROM,

        Plaintiff,

                              CIVIL ACTION
  vs.                            No. 08-3245-SAC

BRET HOFFER, et al.,

        Defendants.

MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's amended complaint (Doc. 20).

Plaintiff, a prisoner in federal custody, was incarcerated in the Leavenworth Detention Center (LDC) operated by the Corrections Corporation of America (CCA) at the time of the incidents in question.

In the amended complaint, he names as defendants: Bret Hoffer, a United States Marshal; Shelton Richardson, Warden of the LDC; Robert Muntz, Assistant Warden; Ken Daugherty, Chief of Unit Management; Bruce Roberts, Chief of Security; Melonie Fulton, Warehouse Manager; and Rhonda Allen, Unit Manager.

Plaintiff identifies his claims for relief as: (1) his rights under the First Amendment were violated by the denial of

"confidential or privileged communication with the media"[1]; (2) his rights under the Fourth Amendment were violated on August 28, 2008, when case counselor B. McGarity seized an affidavit from him afer making copies of it and reading it; (3) his rights under the Eighth Amendment were violated by the conditions of his confinement, including the denial of outdoor recreation, being provided stained underclothes, being required to shower in the presence of female guards; and (4) inmates in federal custody and housed in the Y-Pod segregation unit, where plaintiff was housed, were treated differently from inmates in state custody segregated in the Z-Pod segregation unit.

**Screening**

Because plaintiff is a prisoner proceeding in forma pauperis, the court must conduct a preliminary screening of the amended complaint and must dismiss it or any part of it that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. §1915(e)(2)(B).  The court must accept the plaintiff's allegations as true" and will apply "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus,* 551

---

[1](Doc. 20, p. 2)

2

U.S. 89, 94 (2007).

However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Likewise, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

To avoid dismissal at this stage, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)(citation omitted). The complaint must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. Thus, while detailed allegations of fact are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* ___ U.S. ____, ____, 129 S.Ct. 1937, 1949, (2009) (citing *Twombly,* 550 U.S. at 555).

At the outset, the court notes that the defendants identified by the plaintiff all appear to be persons in supervisory positions. Individual liability in a civil rights action must be based upon a defendant's personal involvement in

the alleged violation of a plaintiff's protected rights.  *Foote v. Speigel*, 118 F.3d 1416, 1423 (10th Cir. 1997)(regarding action under 42 U.S.C. § 1983) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1948 (2009)(personal participation of a defendant required to support a claim under *Bivens*).

To support an assertion of personal participation, a plaintiff must do more than allege a supervisor's participation in the grievance process.  *See, e.g., Whitington v. Ortiz,* 307 Fed. Appx. 179, 193 (10th Cir. 2009)(citation omitted)("[T]he denial of grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") and *Davis v. Ark. Valley Corr. Facility,* 99 Fed. Appx. 838, 843 (10th Cir.2004)(sending "correspondence [to prison authority] outlining [a] complaint ... without more, does not sufficiently implicate the [supervisory official] under § 1983").

While the complaint does not appear to support a claim of supervisory liability, the court has conducted a screening of the plaintiff's complaints to determine whether plaintiff should be directed to file an additional amended complaint.

*Confidential contact with the media*

Plaintiff claims he was denied confidential or privileged communications with the media.  He offers no details concerning the allegation of interference with media mail.  In *Shupe v.*

4

*Wyoming Dept. of Corrections*, 290 F.3d Appx. 164, 166-67 (10th Cir. 2008), the court upheld the dismissal of such a claim, stating:

> In assessing the legal sufficiency of a complaint, we look to the "well pleaded facts, as distinguished from conclusory allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). In civil-rights actions against individual government actors, the factual allegations should "make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir.2008). No such facts are provided here. The complaint does not specify what the alleged "censorship" entailed, who engaged in it, or whether it even involved any of [plaintiff's] mail.

The court notes that whether plaintiff, as a prisoner, has a right to confidential communication with members of the media appears to be somewhat unsettled. *Compare, e.g.*, *Mann v. Adams*, 846 F.2d 589, 591 (9th Cir.) (concluding Supreme Court case law "preclude[s] our giving any special deference to media mail in the face of prison security considerations"), *cert. denied*, 488 U.S. 898 (1988) and *Avery v. Hubbard*, 2011 WL 826237 (E.D. Cal. 2011)(citing *Mann* and stating "[t]here is no special deference for media-related mail") with *Travis v. Lockhart*, 607 F.Supp. 1083 (D. Ark. 1985)(requiring state department of corrections to adopt policies or regulations to require mail sent to media representatives and received from them to be handled in a manner

similar to privileged legal mail). *See also Brown v. Williams* 36 Fed. Appx. 361 (10th Cir. 2002)(recognizing that "inmates are generally allowed to correspond with the media" but upholding dismissal of action in which mail addressed to prisoner from a radio station was intercepted and found to be personal in nature).

Because the plaintiff's allegation does not supply any specific facts or any personal participation by a named defendant, the court concludes it may be dismissed.

*Fourth Amendment*

Plaintiff next claims that his rights were violated by the seizure of legal work. He specifically cites a single instance on August 28, 2008, in which Counselor McGarity[2] seized an affidavit prepared by the plaintiff after making copies of it.

The court notes, as an initial matter, that plaintiff does not assert that the seizure of this affidavit hindered him in the pursuit of a nonfrivolous legal claim. Thus, to the extent his allegation might be read to assert interference with access to the court, no claim for relief is stated.

To the extent plaintiff asserts a claim of an illegal seizure, his claim under the Fourth Amendment fails as a matter

---

[2] The court notes the complaint does not identify McGarity as a defendant.

6

of law.  Under the Fourth Amendment, a prisoner has no cognizable expectation of privacy in the contents of his cell.  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)(holding that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell").

*Eighth Amendment*

Plaintiff claims the conditions of confinement in the segregation area where he was housed at the LDC violated the Eighth Amendment.

He specifically cites limited opportunities for outdoor recreation, the issuance of stained underclothing, being required to shower in the presence of female staff, and receiving fewer amenities than prisoners placed in a different segregation unit.

The Eighth Amendment prohibits cruel and unusual punishment and imposes a duty on prison officials to provide prisoners with humane conditions of confinement.  *Tafoya v. Salazar,* 516 F.3d 912, 916 (10th Cir. 2008)(citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).  To meet this obligation, officials must "ensur[e] inmates receive the basic necessities of adequate

food, clothing, shelter, and medical care[.]" *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998).

To prevail on an Eighth Amendment claim, a prisoner "must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference' to inmate health or safety." *DeSpain v. Uphoff,* 264 F.3d 965, 971 (10th Cir.2001)(quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994))(internal quotation marks omitted).

Plaintiff first complains of infrequent access to outdoor recreation. However, the deprivation of outdoor exercise for a limited period is not sufficiently serious to state a cognizable claim for relief. *See Ajaj v. United States*, 293 Fed. Appx. 575 (10th Cir. 2008)(denial of outdoor recreation during one year of placement in administrative maximum custody did not implicate the Eighth Amendment). *Compare Fogle v. Pierson,* 435 F.3d 1252, 1260 (10th Cir. 2006)(concluding that a three-year period without outdoor exercise was a sufficiently serious deprivation).

Plaintiff also complains he was issued laundered but stained underwear. This allegation fails to state a claim for relief. "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." *Hudson v.*

8

*McMillian,* 503 U.S. 1, 9 (1992)(citation omitted). "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted). Plaintiff acknowledges that the clothing he received was laundered, and the fact that it was stained, while unpleasant, did not violate the Eighth Amendment.

Plaintiff also complains he was sometimes required to shower in the presence of female staff due to staff shortages. Case law in the Tenth Circuit recognizes a limited right to bodily privacy by prisoner, "particularly as to searches viewed or conducted by members of the opposite sex." *Hayes v. Marriott,* 70 F.3d 1144, 1146 (10th Cir. 1995). The frequency of such incidents is a factor in the analysis of such a claim *Id.* at 1147 (*citing Cumbey v. Meachum,* 684 F.2d 712, 714 (10th Cir. 1982)(per curiam)). However, "[n]o constitutional violation occurs when naked male inmates are viewed by female guards if the presence of female guards is required to protect a legitimate government interest such as maintaining security at a correctional facility." *West v. Parker*, 68 F.3d 466 (5th Cir. 1995)(citation omitted).

Here, plaintiff states that female staff were placed in the unit due to a staffing shortage, and their presence served the legitimate interest of maintaining an adequate staffing level. This scenario does not violate the Eighth Amendment.

Finally, plaintiff claims he and other segregated, federally-charged prisoners did not have exactly the same conditions of confinement as the segregated, state-charged prisoners housed nearby. He provides examples of preferential treatment enjoyed by state-charged prisoners, including televisions in front of their cells, constant access to legal research materials, typewriters in their cells, handheld mirrors for shaving, and new shower shoes. According to plaintiff, statements from staff and grievances responses attribute this distinction to a more generous contract covering state inmates housed at the LDC which allows the facility to provide additional services to that group.

To the extent plaintiff may allege a claim under the Eighth Amendment, no claim for relief is stated. As noted, the Eighth Amendment requires prison officials to provide the minimal necessities of civilized life, such as adequate food and drink, clothing, sanitation, and bedding. The services identified here, while no doubt contributing to a more pleasant environment, are not matters that implicate the Eighth Amendment.

10

Next, because plaintiff alleges this treatment is discriminatory, his claim might be liberally construed to allege an equal protection violation. "Equal protection is essentially a direction that all persons similarly situated should be treated alike." *Fogle v. Pierson,* 435 F.3d 1252, 1260 (10th Cir. 2006)(quotation omitted).

To allege such a claim, plaintiff must show that there is a distinction between these groups that is not reasonably related to a legitimate penological purpose. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Here, there is no allegation of discrimination on any ground that warrants strict scrutiny, as the distinction is between those prisoners who are charged under federal law and are housed at the LDC under one contract, and those prisoners charged under state law and are housed there under a different contract. In this setting, namely, a privately-run correctional facility, the fact that one group of prisoners receives slightly more favorable conditions while a second, distinguishable group is subject to constitutionally adequate conditions with fewer amenities does not state a claim for relief. The difference in conditions is based on the reimbursement paid by the party contracting with the corporation and not on an improper purpose.

11

## Conclusion

The court has carefully reviewed the complaint and concludes the present action fails to state a claim for relief. Plaintiff has failed to identify any personal participation by any of the named defendants, and, because his allegations are insufficient to state a claim for relief, the court concludes the complaint should be dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 29th day of September, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge